**2022 BNH 003**  Note:  This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                     Bk. No. 21-10712-BAH
                                                                                               Chapter 13
Katherine R. Brady,
        Debtor

*Leonard G. Deming, II, Esq.*
*Deming Law Office*
*Nashua, New Hampshire*
*Attorney for Debtor*

*Lawrence P. Sumski, Esq.*
*Merrimack, New Hampshire*
*Chapter 13 Trustee*

## MEMORANDUM OPINION

### I. INTRODUCTION

The Court has before it an objection to the Debtor's claim of homestead exemption (Doc. No. 19) (the "Homestead Exemption Objection") and an objection to the Debtor's amendment to Schedule D (Doc. No. 47) (the "Schedule D Objection") (together, the "Objections").  The Court held a hearing on the Objections on May 20, 2022, and took the matters under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire.  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II. FACTS AND PROCEDURAL BACKGROUND

The Debtor filed an individual chapter 7 bankruptcy petition on December 17, 2021.  On Schedule A/B, she listed an ownership interest in a single-family home located in Merrimack,

New Hampshire (the "Property"). The Property is owned solely by the Debtor pursuant to a deed dated June 2, 2014. On the petition date, the Debtor resided at the Property with her husband and their two children. She valued the Property as being worth $236,100.

On Schedule C, the Debtor claimed a $120,000 homestead exemption pursuant to New Hampshire Revised Statute Annotated ("RSA") 480:1. On Schedule D, she listed a mortgage claim totaling $178,445.61 and no other secured claims.

On January 25, 2022, Edmond Ford, chapter 7 trustee (the "Chapter 7 Trustee"), conducted the section 341 meeting of creditors. Thereafter, on February 1, 2022, the Debtor amended Schedules A/B and C. She increased the value of the Property to $346,700, and she asserted an additional $120,000 homestead exemption for her "Non-owner Husband" (as she described him in her Notice of Amended Schedules) pursuant to RSA 480:1:

| Brief description: | $346,700.00 | ☑ | $120,000.00 | N.H. Rev. Stat. § 408: 1, 2 (Claimed: |
| --- | --- | --- | --- | --- |
| 27 Pinewood Drive, Merrimack, NH 03054 | | ☐ | 100% of fair market | $120,000.00 |
| (2nd exemption claimed for this asset) | | | value, up to any | Spousal Interest) |
| Line from Schedule A/B: ___1.1___ | | | applicable statutory | |
| | | | limit | |

On February 4, 2022, the Chapter 7 Trustee retained counsel to investigate and potentially liquidate assets. On February 9, 2022, the Debtor moved to convert her case to chapter 13. A hearing on the motion to convert was scheduled for March 9, 2022.

Before the hearing on the motion to convert was held, the Chapter 7 Trustee filed the Homestead Exemption Objection, which was scheduled for hearing on March 23, 2022. The Chapter 7 Trustee objected to the Debtor's claim of a second homestead exemption under RSA 480:1 in the amount of $120,000 on behalf of her non-debtor, non-owner husband, and sought disallowance of the exemption.

On March 9, 2022, the Court converted the Debtor's case to a chapter 13 case.

On March 23, 2022, the Court held a hearing on the Homestead Exemption Objection at which Lawrence P. Sumski, the chapter 13 trustee (the "Chapter 13 Trustee"), appeared. The Chapter 13 Trustee indicated he intended to pursue the Homestead Exemption Objection. The Court ordered the Chapter 13 Trustee to file a supplemental objection by April 25, 2022. The parties indicated their willingness to file a joint stipulation of facts, which the Court ordered the parties to file by May 2, 2022.

The parties filed a joint statement on facts on April 1, 2022. That same day, the Debtor amended Schedule D to include the following secured claim of her non-debtor, non-owner husband:

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|
| 2.1 Daniel J. Brady<br>Creditor's name<br>27 Pinewood Drive<br>Number  Street<br><br>Merrimack  NH  03054<br>City  State  ZIP Code<br><br>Who owes the debt? Check one.<br>☑ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br><br>☐ Check if this claim relates to a community debt<br><br>Date debt was incurred _____ | Describe the property that secures the claim:<br>27 Pinewood Drive,<br>Merrimack, NH 03054<br><br>As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Nature of lien. Check all that apply.<br>☐ An agreement you made (such as mortgage or secured car loan)<br>☑ Statutory lien (such as tax lien, mechanic's lien)<br>☐ Judgment lien from a lawsuit<br>☑ Other (including a right to offset)<br>Lien on Property<br><br>Last 4 digits of account number ___ ___ ___ ___ | $120,000.00 | $346,700.00 | |

On April 5, 2022, the Chapter 13 Trustee objected to this amendment. The Court scheduled a hearing on the Schedule D Objection for May 20, 2022, the same day as the hearing on the Homestead Exemption Objection.

The Chapter 13 Trustee and the Debtor both filed memoranda of law in support of their positions. The Court held a hearing on May 20, 2022, and took the Objections under advisement.

### III. DISCUSSION

#### A. Homestead Exemption

"The purpose of the homestead exemption is to secure to debtors and their family the shelter of the homestead roof." Deyeso v. Cavadi, 165 N.H. 76, 79 (2013). Courts are to construe the homestead liberally. In re Myers, 323 B.R. 11, 13 (Bankr. D.N.H. 2005). The Bankruptcy Code and Rules set forth the framework for asserting and objecting to a debtor's claim of exemption in a bankruptcy case. Federal Rule of Bankruptcy Procedure 4003(a) provides that "[a] debtor shall list the property claimed as exempt under §522 of the Code on the schedule of assets required to be filed by Rule 1007." Subsection 522(b)(1) of the Bankruptcy Code provides in relevant part that "an individual debtor may exempt from property of the estate property listed in … paragraph (3) of this subsection." Subsection 522(b)(3) provides that "[p]roperty listed in this paragraph is … any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition in the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition ..." Accordingly, the Debtor asserted New Hampshire's exemptions on Schedule C.

New Hampshire's homestead exemption is set forth in RSA 480:1, which states:

> Every person is entitled to $120,000 worth of his or her homestead, or of his or her interest therein, as a homestead. The homestead right created by this chapter shall exist in manufactured housing, as defined by RSA 674:31, which is owned and occupied as a dwelling by the same person but shall not exist in the land upon which the manufactured housing is situated if that land is not also owned by the owner of the manufactured housing.

RSA 480:3-a provides further that:

> The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

4

"[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."  Fed. R. Bankr. P. 4003(b)(1).  The party objecting to an exemption bears the burden of proof.  Fed. R. Bankr. P. 4003(c).

The Chapter 13 Trustee objects to the Debtor's assertion of a homestead exemption pursuant to RSA 480:1 on behalf of her non-debtor spouse, who resides at the Property but has no ownership interest in it.[1]  In support of his position, the Chapter 13 Trustee cites various court decisions from this district, including In re Visconti, 426 B.R. 422 (Bankr. D.N.H. 2010), where the Court clearly stated that "the homestead exemption under RSA 480:1 requires both occupancy and ownership."  Id. at 426 (emphasis added).  The Court explained further that "a spouse who does not hold an ownership interest does have a right to occupy the homestead during the owner-spouse's lifetime and can claim a homestead right for their life after the death of the owner-spouse."  Id. (citing RSA 480:3-a).  The Court reiterated the ownership requirement in its recent decision in In re St. Laurent, 2022 BNH 002, when it stated:

> RSA 480:1 provides in relevant part that "[e]very person is entitled to $120,000 worth of his or her homestead, or of his or her interest, therein as a homestead."  The New Hampshire Supreme Court has held that the homestead right must be established by

---

[1] In chapter 13, exemptions are relevant as they affect the "best interest of creditors test" set forth in 11 U.S.C. § 1325(a)(4), which provides that a plan can be confirmed if "the value as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

The Debtor filed a chapter 13 plan on April 10, 2022.  She proposes to pay $31,500 over the life of her plan at the rate of $525 per month for 60 months, which will result in an estimated dividend of 66% toward estimated unsecured claims of $42,218.  The liquidation analysis in the plan reflects that unsecured creditors will receive 0% in chapter 7, based on the Debtor inclusion of $240,000 in homestead exemptions under RSA 480:1.  If only the Debtor's $120,000 exemption were included, there would be $48,254 available for creditors (less chapter 7 administrative expenses) resulting in a greater dividend in a chapter 7 case than that proposed by the Debtor in her plan. For that reason, the Debtor's plan would not meet the "best interest of creditors test."

>actual physical possession of a property with the intent to occupy it as a home. Currier v. Woodward, 62 N.H. 63, 64 (1882). However, "occupancy alone does not preserve the homestead right—it also requires ownership." Visconti, 426 B.R. at 425-26 (citing Gerrish v. Hill, 66 N.H. 171 (1890) (no homestead right when the debtors sold a farm but continued to live on it); Beland v. Goss, 68 N.H. 257 (1895) (homestead right was lost when the property was sold and the debtors moved out); Stewart v. Bader, 154 N.H. 75, 89 (2006) (defendant lost homestead right by lack of occupancy but court also noted that the property was sold several years before)). Thus, "the homestead exemption under RSA 480:1 requires both occupancy and ownership." Visconti, 426 B.R. at 426.

Id. at 4. Despite these clear pronouncements, the Debtor contends there is no ownership requirement to claim a homestead exemption under RSA 480:1, arguing that the statute protects a "homestead interest" and that the Court's statements in Visconti were merely dicta. The Court disagrees.

Judge Deasy found that the debtor in Visconti was not entitled to a homestead exemption in the property because (1) the debtor did not have an ownership interest in the property, and (2) the debtor was not married to someone who had an ownership interest in the property. Visconti, 426 B.R. at 426. The finding that the debtor did not own the property was critical to Judge Deasy's analysis.

The Debtor argues that her spouse has an "interest" in the Property that is protected by RSA 480:1. The Chapter 13 Trustee agrees that a non-debtor, non-owner spouse may have an "interest" in the Property. For example, a spouse may have a tenancy interest, an inheritance right, or an interest in the property as part of a marital estate in a state court divorce proceeding. The Chapter 13 Trustee asks, though: if he offered the non-owner spouse money for any of those "interests," what would he get? Would he be able to occupy the home? Would a third party be able to obtain a lien or attachment against that interest in state court? The Chapter 13 Trustee argues no, and the Court agrees.

The Chapter 13 Trustee acknowledges that a couple has the right to decide that only one of them will own the family homestead, perhaps as means to shield the family home from claims

6

that lie solely against the non-owner. But the Chapter 13 Trustee argues that such a choice has consequences, and one consequence is that the non-owner is unable to assert a homestead exemption under RSA 480:1. If it were otherwise, the non-owner would be getting the benefit of non-ownership, e.g., not subjecting the family home to potential liens and attachments by third-party creditors, but would not be experiencing the burden of it, i.e., having no homestead exemption under RSA 480:1. That strikes the Court as both inequitable and inconsistent with the provisions of the statute.

The Court is cognizant that RSA 480:1 does not use the word "owner" or "owned" in the first sentence of the statute but rather refers to a homestead and an "interest therein." However, the second sentence of the statute does refer to property that "is owned and occupied as a dwelling." With respect to manufactured housing, the statute is clear that someone must <u>own and occupy</u> the manufactured housing in order to assert a homestead exemption under RSA 480:1. It is not enough to simply occupy it. From a public policy standpoint, it would be nonsensical for the homestead exemption to be more restrictive for manufactured housing than it is for all other housing. Thus, the statute as a whole supports an interpretation that ownership and occupancy are required to claim a homestead exemption in all housing. To interpret the statute otherwise would discriminate against owners of manufactured housing.

If ownership is not a requirement for asserting a homestead exemption under RSA 480:1, the Court questions whether there is any limit to the exemption's scope. What if a homeowner has several adult children who live in the family homestead? Is every adult child who lives in the home able to assert a $120,000 exemption? What about a common law spouse or a live-in girlfriend, boyfriend, or partner? Can they assert a $120,000 homestead exemption? After all, it is their home too, is it not? The Debtor argues that the exemption in RSA 480:1 does not extend

7

that far, but she does not articulate any principled limitation on her construction of the homestead exemption statute.

The Court notes further that RSA 480:8-a provides:

> The superior court, upon petition of the <u>owner</u> of a homestead or the <u>wife or husband surviving such owner</u>, or upon petition of a judgment creditor and such notice as it may order, may appoint appraisers and cause the homestead right to be set off, and a record of the proceedings being made in the registry of deeds, the right shall be established as against all persons. (Emphasis added).

Thus, to pursue an action in state court to establish a homestead right, one must be the "owner" of the homestead property or the "surviving spouse" of such owner. This provision makes a distinction between ownership and non-ownership, supporting the view that RSA 480:1 only protects an owner's homestead right.

The Debtor also argues that § 522 does not restrict the scope of its application to purely the "debtor's exemptions," and, therefore, the Debtor may "use New Hampshire exemptions to their full extent which includes an exemption in the non-owner spouse." While it may be true that § 522 does not limit its application to a debtor's exemptions,[2] that proposition does not resolve a fundamental issue presented by the facts of this case: what exemption does a non-owner spouse have in a family homestead?

The First Court of Appeals stated in <u>Deutsche Bank Nat'l Trust v. Pike</u>, 916 F.3d 60, 68 (1st Cir. 2019):

> When a married couple resides together in a home, the homestead right "extends to ... both spouses, even when only one spouse legally owns the homestead." <u>Maroun v. Deutsche Bank Nat'l Tr. Co.</u>, 167 N.H. 220, 109 A.3d 203, 208 (2014) (citing N.H. Rev. Stat. Ann. § 480:3-a); <u>see also</u> N.H. Rev. Stat. Ann. § 529:20-a. The homestead right of a property owner's spouse is established once he or she physically <u>occupies</u> the subject property. <u>Walbridge v. Estate of Beaudoin</u>, 163 N.H. 804, 48 A.3d 964, 966 (2012).

---

[2] The Court will assume this is true without deciding it.

8

This Court also addressed the issue in In re Hopkins, 2021 BNH 004, and found that "the exemption in RSA 480:3-a is for spouses who do not have an ownership interest in their residence at the time of the homeowner's death." Id. at 6.  Upon the homeowner's death, surviving spouses are entitled to both occupy the homestead during their lifetime and to protect $120,000 of their interest in the family home.

In this case, the Debtor has not asserted a homestead exemption under RSA 480:3-a on Schedule C on behalf of her non-debtor, non-owner spouse, but only an exemption pursuant to RSA 480:1,³ which is not proper, as her spouse is not an owner of the Property.  But even if she had asserted an exemption under RSA 480:3-a, the Court finds that the non-owner spouse's $120,000 homestead exemption arises only upon the death of the owner.  In other words, the Debtor's spouse's interest is contingent.  Upon the Debtor's death, the non-owner spouse will be able to step into the shoes of the owner spouse.  At that time, the non-owner spouse will be able to assert a $120,000 homestead exemption.  Until then, while the non-owner spouse may have a homestead right that can be protected by an exemption under RSA 480:3-a, the value of that exemption is $0.  The couple is not allowed to "double-dip" and claim $240,000 as exempt.  Otherwise, the ownership requirement of RSA 480:1 would be irrelevant.

Because the Debtor's spouse is not an owner of the Property, he is not entitled to claim an exemption under RSA 480:1.  Accordingly, the Debtor is unable to assert such an exemption in Schedule C.  For that reason, the Homestead Exemption Objection must be sustained.

---

³ While the Debtor has also cited RSA 480:2 in Schedule C, that section of the statute was repealed in 1973.

### B. Amendment to Schedule D

Federal Rule of Bankruptcy Procedure 1009(a) permits a debtor to amend schedules "as a matter of course at any time before the case is closed." A bankruptcy court has the discretion to deny an amendment to schedules based up a showing of either:

1. Bad faith; or
2. Prejudice to creditors or third parties.

<u>Wood v. Premier Capital, Inc. (In re Wood)</u>, 291 B.R. 219, 228 (B.A.P. 1st Cir. 2003).

The Chapter 13 Trustee filed the Schedule D Objection stating simply:

> The issue of the appropriateness of a second homestead exemption filed by the debtor on behalf of a nondebtor, non-co-owner of her residential real estate is currently before the Court. The debtor through her counsel has expressed a legal theory that the non-debtor, non-co-owner husband, Daniel J. Brady, already has a legal interest of some sort in the property, and so the debtor has filed an amended Schedule D to assert the "lien" that he has on the residential property. The issue is squarely before the Court but to make sure it is preserved for the scheduled hearing the undersigned hereby objects to the amendment to Schedule D to show the fictional lien in the amount of $120,000.00.

The Chapter 13 Trustee does not explicitly contend that the amendment was made in bad faith or that it would prejudice creditors or third parties. Rather, his objection goes to the merits of the non-owner spouse's legal rights, i.e., whether he holds a secured claim against the Property.

The Debtor contends that the non-owner spouse's interest in the Property is "an encumbrance upon the family home which is separate from the Debtor's own homestead exemption right." The Debtor has listed this "encumbrance" on Schedule D and described it as a "statutory lien" and "lien on property." The Debtor has cited no legal authority (other than RSA 480) for the proposition that the non-owner's interest in the Property is protected by a "statutory lien" or "lien on property" as asserted in Schedule D. The Court is aware of none. In the Court's view, the non-owner spouse does not have any lien rights in the Property. Rather, as explained above, a non-owner spouse may be able to assert a homestead exemption in the Property pursuant to RSA 480:3-a. But, that interest in the Property is not a secured claim that should be

listed on Schedule D. Because the Court finds that the non-debtor, non-owner spouse does not have a lien on the Property as asserted by the Debtor, the Debtor's amendment to Schedule D must be denied.

## IV. CONCLUSION

For the reasons set forth in this opinion, the Court finds that the Debtor's assertion of a homestead exemption under RSA 480:1 on behalf of her non-owner spouse is improper as is her amendment to Schedule D asserting that her non-owner spouse possesses a lien that secures his interest in the Property. Accordingly, the Court will issue a separate order sustaining the Homestead Exemption Objection and the Schedule D Objection. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Concord, New Hampshire.


Date:   June 3, 2022                    /s/ Bruce A. Harwood
                                        Bruce A. Harwood
                                        Chief Bankruptcy Judge